UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlis Palmer and George Palmer,

      Plaintiffs,

v.                                                                        Civil No. 08-3726 (JNE/JJG)
                                                                     ORDER

Wyeth, Inc., Wyeth Pharmaceuticals Inc., and
Pfizer, Inc.,

      Defendants.

Marlis Palmer and George Palmer brought this action against Wyeth, Inc., Wyeth Pharmaceuticals Inc., and Pfizer, Inc., in June 2008.  A few months later, the Judicial Panel on Multidistrict Litigation transferred it to the Eastern District of Arkansas for coordinated or consolidated pretrial proceedings.  *See* 28 U.S.C. § 1407 (2006).  The Panel recently remanded it to the District of Minnesota.

*Subject-matter jurisdiction*

The Palmers asserted subject-matter jurisdiction on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332 (2006) (amended 2011).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Accordingly, the Court observes that the Palmers did not properly allege the citizenships of all parties.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) ("It was the Walkers' burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction.").  The Court grants them an opportunity to do so.

Section 1332(a)(1) provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  "When jurisdiction is based on diversity of citizenship, the pleadings,

to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). In the Complaint, the Palmers alleged that Marlis Palmer is a "resident" of Oregon; that Wyeth is a Delaware corporation whose principal place of business is in New Jersey; that Wyeth Pharmaceuticals is a New York corporation whose principal place of business is in Pennsylvania; and that Pfizer is a Delaware corporation whose principal place of business is in New York. The Palmers properly alleged Defendants' citizenships. *See* 28 U.S.C. § 1332(c)(1). But the Palmers did not properly allege their own citizenships. Although the Complaint alleges the state of Marlis Palmer's residence, it is well established that citizenship and residence are not synonymous for purposes of diversity jurisdiction. *See, e.g.*, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011); *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). The Complaint also contains no allegation of George Palmer's citizenship.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). Within seven days of the date of this Order, the Palmers shall redress the deficiencies noted above by filing an Amended Complaint that alleges with specificity the citizenships of all parties at the time of this action's commencement. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004). If they fail to do so, the Court will dismiss this action for lack of subject-matter jurisdiction.

*Transfer*

Assuming that the Palmers will file an Amended Complaint that alleges complete diversity of citizenship, the Court notes that this case is one of many product-liability actions that have been filed in the District of Minnesota despite having no discernible connection to Minnesota.  So far as the face of the Complaint reveals, the Palmers are not citizens of Minnesota, no Defendant is incorporated in Minnesota, no Defendant maintains its principal place of business in Minnesota, no act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which the Palmers seek to recover were suffered in Minnesota.

It appears, then, that this case was filed in Minnesota only to take advantage of Minnesota's relatively generous statutes of limitations.  *See* Minn. Stat. § 541.05 (2010) (providing a six-year limitations period for negligence and fraud claims and a four-year period for strict-liability claims); Minn. Stat. § 336.2-725 (2010) (providing a four-year limitations period for warranty claims); *see also Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004).

It appears that a transfer of this case will promote the interests of justice and the convenience of the parties.  It also appears that the parties will not be prejudiced by a transfer.  The case would remain in federal court and, assuming that the case was properly filed in Minnesota, the same choice-of-law rules would apply after the transfer.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (a transfer under 28 U.S.C. § 1404(a) does not change the law applicable in a diversity case).  The main effect of a transfer would likely be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for

the parties. For all of these reasons, the Court orders the parties to brief the propriety of a transfer under 28 U.S.C. § 1404(a) (2006) (amended 2011).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Within seven days of the date of this Order, the Palmers shall file an Amended Complaint that alleges with specificity the citizenships of all parties at the time of this action's commencement.

2. The parties shall, no later than April 20, 2012, file briefs of no more than 6,000 words addressing the following questions:

    a. Should this action be transferred to another district pursuant to 28 U.S.C. § 1404(a)?

    b. Assuming that the Court decides that a transfer under 28 U.S.C. § 1404(a) is appropriate, to which district should this action be transferred?

Dated: April 9, 2012

                                                    s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge